IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>WHITING PETROLEUM CORPORATION, *et al.*,[1]<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-32021 (DRJ)<br><br>Jointly Administered |
| ANDEAVOR FIELD SERVICES LLC,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>WHITING OIL & GAS CORPORATION,<br><br>　　　　　　　Defendant. | Adv. Pro. No. 20-03304 (DRJ) |

**ANDEAVOR FIELD SERVICES LLC'S MOTION FOR AN ORDER PURSUANT TO
SECTIONS 105(a) AND 107(b) OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULE 9018 AUTHORIZING ANDEAVOR TO FILE
UNDER SEAL AND REDACT CERTAIN CONFIDENTIAL INFORMATION**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 30 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Whiting Canadian Holding Company Unlimited Liability Corporation (3662); Whiting Petroleum Corporation (8515); Whiting US Holding Company (2900); Whiting Oil and Gas Corporation (8829); and Whiting Resources Corporation (1218). The location of the debtors' service address is: 1700 Lincoln Street, Suite 4700, Denver, Colorado 80203.

In support of this motion, (the "<u>Motion</u>"), Andeavor Field Services LLC ("<u>Andeavor</u>" or "<u>Plaintiff</u>") states the following:

## RELIEF REQUESTED

1. Andeavor—the plaintiff in the above-captioned adversary proceeding against Defendant Whiting Oil and Gas Corporation ("<u>Whiting Oil</u>" or "<u>Defendant</u>"), a debtor in possession in the above-captioned chapter 11 cases—files this Motion seeking authority to seal certain pleadings and exhibits. Andeavor files this motion pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and rule 9018 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"). Andeavor requests entry of an order substantially in the form attached hereto (the "<u>Proposed Order</u>"), authorizing Andeavor to file under seal an unredacted version (including exhibits) of Andeavor's *Amended Complaint for Declaratory Judgment and Other Relief* (the "<u>Amended Complaint</u>"), filed contemporaneously herewith. Andeavor also requests authorization to file redacted versions of the Amended Complaint that will be publicly available.

2. The unredacted Amended Complaint and Exhibits A–K to the Amended Complaint were filed as a sealed event in D.I. 15 concurrently herewith. The redacted Amended Complaint was filed as D.I. 16. In the Proposed Order, Andeavor requests that D.I. 15 remains sealed.

3. Andeavor previously moved [D.I. 9] to seal the substantially same material included in the Amended Complaint that is in the original complaint [D.I. 1 and 2] (the "<u>Original Complaint</u>") in this adversary proceeding. This Court subsequently entered an order [D.I. 14] (the "<u>Sealing Order</u>") granting that request.

1

**JURISDICTION AND VENUE**

4. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Andeavor confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The bases for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and rules 9037-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

**BACKGROUND**

7. Andeavor is a Delaware limited liability company with its principle place of business located at 19100 Ridgewood Parkway, San Antonio, Texas 78259.

8. Among other things, Andeavor owns and operates networks of crude oil, refined products, water gathering, and natural gas pipelines, natural gas gathering, processing, and fractionation complexes, and water disposal systems.

9. Defendant Whiting Oil is a Delaware corporation with its principle place of business located at 1700 Lincoln Street, Suite 4700, Denver, Colorado 80203.

10. Whiting Oil, along with the other Debtors, owns and operates an oil and gas exploration and production company whose primary production and development activities are located in North Dakota and the Rocky Mountain region, with additional oil and gas properties located in Texas.

11. On November 21, 2016, Andeavor and Whiting Oil entered into the PSAs,[2] each amended on December 30, 2016, and the Gathering Agreements (together with the PSAs the "Agreements"), each made effective as of January 1, 2017.

12. The Gathering Agreements contain confidentiality provisions that protect the terms and conditions of the agreements from disclosure. *See* Am. Compl., Ex. D at General Terms and Conditions § 16.2; Ex. E at General Terms and Conditions § 13.9; Ex. F at General Terms and Conditions § 11; Ex. G at General Terms and Conditions § 16.2.

13. The PSAs attach, incorporate, and reference, the Gathering Agreements that are subject to confidentiality restrictions, and contain confidential and competitive trade information related to pricing, trade processes, and development maps. These confidentiality provisions protect the rights of both Andeavor and Whiting Oil.

14. On April 1, 2020 (the "Petition Date"), each Debtor, including Whiting Oil, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

15. On July 16, 2020, Andeavor filed its Original Complaint against Whiting Oil [D.I. 1 & 2].

16. On the date hereof, Andeavor filed the Amended Complaint [D.I. 15 & 16].

**BASIS FOR RELIEF**

17. In order to maintain the confidentiality of financial and commercial terms of the Agreements that are quoted, cited, and discussed in and attached to the Amended Complaint, the Court should authorize Andeavor to file the unredacted Amended Complaint under seal and file a

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Amended Complaint.

3

redacted version of the Amended Complaint so that it is available to the public with the confidential terms protected.

18. Section 105(a) of the Bankruptcy Code codifies the inherent equitable powers of the bankruptcy court and empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) of the Bankruptcy Code provides that on request of a party in interest, the bankruptcy court "shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title." 11 U.S.C. § 107(b).

19. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code and provides that "on motion or its own initiative . . . the court may make any order which justice requires . . . to protect an entity with respect to a trade secret or confidential research, development, or commercial information." Unlike its counterpart in Federal Rule of Civil Procedure 26(c), section 107(b) of the Bankruptcy Code does not require an entity seeking protection thereunder to demonstrate "good cause." *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Instead, the movant need only demonstrate that the material to be protected satisfies a category identified in section 107(b) of the Bankruptcy Code.

20. Additionally, Local Rule 9037-1 (c) provides, in relevant part, that "[a] motion, reply or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal."

21. Bankruptcy courts routinely issue orders to protect entities from potential harm caused by the disclosure of confidential or sensitive commercial information. *See, e.g.*, *Young Again Prods. Inc. v. Supp. Spot, LLC (In re Supp. Spot, LLC)*, No. 07–03019, 2009 WL 2006834, at *22 (Bankr. S.D. Tex. July 8, 2009).

22. There is good cause to grant this Motion. The Amended Complaint seeks declaratory relief with respect to Agreements and attaches the Agreements as exhibits. The Agreements are subject to confidentiality provisions agreed to by Andeavor and Whiting Oil, which protect the rights of both parties. *See* Am. Compl., Ex. D at General Terms and Conditions § 16.2; Ex. E at General Terms and Conditions § 13.9; Ex. F at General Terms and Conditions § 11; Ex. G at General Terms and Conditions § 16.2. They also contain sensitive commercial information concerning the Agreements—including confidential pricing and other terms—that is protected under section 107(b) of the Bankruptcy Code. Thus, the Amended Complaint and its exhibits contain statutorily-protected confidential information and should be sealed, and the publicly filed versions should be redacted.

23. Moreover, this Court previously entered the Sealing Order which authorized the sealing of confidential information in the Agreements in the Original Complaint. Andeavor seeks to seal the same type of confidential information that was sealed in the Original Complaint (the terms of the Agreements) for purposes of the Amended Complaint.

24. Accordingly, Andeavor submits redacted versions of the Amended Complaint for public filing [D.I. 16] and requests the Court grant the Motion to seal the unredacted versions of the Amended Complaint and its exhibits [D.I. 15] because they contain information protected by section 107(b) of the Bankruptcy Code.

**CONCLUSION**

Andeavor respectfully requests entry of the Proposed Order granting the relief requested in this Motion and any other and further relief as the Court may deem just and appropriate.

Dated:  August 7, 2020  Respectfully Submitted,
       Houston, Texas

    */s/ Constantine Z. Pamphilis*
    Constantine Z. Pamphilis (State Bar No. 00794419)
    **KASOWITZ BENSON TORRES LLP**
    1415 Louisiana, Suite 2100
    Houston, Texas 77002
    Telephone: (713) 220-8800
    Facsimile: (713) 222-0843
    Email:  dpamphilis@kasowitz.com

    -and-

    **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
    Robert J. Dehney (*pro hac vice* pending)
    R. Judson Scaggs, Jr. (*pro hac vice* pending)
    Andrew R. Remming (*pro hac vice* pending)
    Joseph C. Barsalona II (*pro hac vice* pending)
    Nader A. Amer (*pro hac vice* pending)
    1201 North Market Street, 16th Floor
    P.O. Box 1347
    Wilmington, Delaware 19899-1347
    Telephone:  (302) 658-9200
    Facsimile:   (302) 425-4664
    Email: rdehney@mnat.com
          rscaggs@mnat.com
          aremming@mnat.com
          jbarsalona@mnat.com
          namer@mnat.com

**Certificate of Service**

      I certify that on August 7, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                  */s/Constantine Z. Pamphilis*
                                                  Constantine Z. Pamphilis